UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFFS' NEGLIGENCE CLAIMS**

## INTRODUCTION

The Plaintiffs' claims in this case are fundamentally claims for breach of contract. Minnesota law does not recognize independent torts for conduct that constitutes a breach of contract. The jury's verdict on the breach of contract claim preempts all of the Plaintiffs' tort claims, and based on that verdict the Court should enter judgment in the Defendants' favor.

## BACKGROUND

This case was filed on the basis of one central factual claim: That the Defendants, intentionally or negligently, mishandled the Plaintiffs' investments. That claim was variously described as a breach of contract, a statutory violation, common law fraud, and negligence, but the alleged misconduct remained the same no matter how it was described. The Plaintiffs alleged that the Defendants made trades that they were not supposed to make, and justified those trades with erroneous financial projections.

SCANNED
MAY 25 2004
U.S. DISTRICT COURT MPLS

Following the trial, the jury concluded that the Defendants' conduct in handling the Plaintiffs' investments was a breach of the parties' contract, but that the Plaintiffs ratified that conduct. (Verdict Form, Nos. 1 and 3). The jury also found that the Defendants' conduct constituted negligence and negligent misrepresentation, though no harm was caused by the negligent misrepresentation. (Verdict Form, Nos. 4-8). Ultimately, the jury concluded that the Plaintiffs sustained losses of $175,000 as a result of the Defendants' conduct. (Verdict Form, No. 23).

## ARGUMENT

The jury's conflicting findings under the contract and negligence counts cannot withstand the scrutiny of Minnesota law, because "Minnesota law does not recognize an independent tort for conduct that merely constitutes a breach of contract."[1] In the *UFE* decision, as in this case, the plaintiff asserted both contract and tort claims arising out of a dispute over a requirements contract. After the verdict was returned, the court reviewed the plaintiff's tort claims, and determined that the "same conduct underlies UFE's breach of contract claim."[2] Because there was no evidence of tortious conduct "independent of the conduct constituting breach of the requirements contract," the defendants were entitled to judgment as a matter of law on the tort claims.[3]

The court in *AKA Distributing Co. v. Whirlpool Corp.* came to a similar conclusion.[4] In that case, the plaintiff alleged that Whirlpool had committed a breach of contract and negligent misrepresentation when it decided to stop selling the product line the plaintiff distributed. Finding that the plaintiff's "tort claims are inseparable from its breach of contract action"

[1] *UFE Inc. v. Methode Electronics, Inc.*, 808 F. Supp. 1407, 1410 (D. Minn. 1992).
[2] *Id.* at 1415.
[3] *Id.*
[4] 948 F. Supp. 903 (D. Minn. 1996).

because all of the claims arose from the same conduct, the court held that the "tort claims are barred by an application of the economic loss rule."[5] These rulings are consistent with those of the state's appellate courts. The Minnesota Supreme Court has held that "when a plaintiff seeks to recover damages for an alleged breach of contract he is limited to damages flowing only from such breach except in exceptional cases where the defendant's breach of contract constitutes or is accompanied by an independent tort."[6] As the state's Court of Appeals put it in a case involving allegations of faulty workmanship in the performance of a construction contract, "[f]aulty workmanship may or may not have been present here, but the claim is still a contract claim and not a negligence claim."[7] The fact that a defendant may have performed its contractual duties negligently "does not convert a lawsuit for breach of contract into a tort."[8]

The Plaintiffs are attempting to make exactly such a conversion in this case. They have offered no evidence of any misdeeds the Defendants committed that were separate and independent from the actions that purportedly constituted a breach of the parties' contract. The Plaintiffs did not even make an effort to distinguish between their contract, tort and statutory claims. Their complaint was that the Defendants made unauthorized trades in their accounts, and justified that trading activity with financial projections that turned out to be wrong. The Plaintiffs asked the jury to conclude that this conduct constituted both negligence and a breach of contract. Minnesota law does not permit two bites at the apple, and the Plaintiffs' negligence claims should be dismissed as a matter of law.

---

[5] *Id.* at 907.
[6] *Wild v. Rarig*, 234 N.W.2d 775, 789 (Minn. 1975).
[7] *American States Ins. Co. v. Northland Constructors,Inc*, 1993 WL 129657 (Minn. App. 1993) (copy attached as Ex. 1 to the Affidavit of Chad A. Snyder).
[8] *Id.*

**CONCLUSION**

The parties' relationship in this case was governed by a contract. Under Minnesota law, the Plaintiffs' rights and remedies were limited to that contract, absent evidence that the Defendants committed some entirely independent tortious act. There was no such evidence in this case. Therefore, pursuant to Rule 50 of the Rules of Civil Procedure, judgment as a matter of law should be entered in the Defendants' favor on the Plaintiffs' negligence claims.

Dated: May 24, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

Lawrence T. Hofmann
Chad A. Snyder
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**