UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**BRIEF IN SUPPORT OF DEFENDANTS' RULE 59 MOTION TO AMEND JUDGMENT BY OFFSETTING PIPER JAFFRAY AWARD**

## INTRODUCTION

Plaintiffs have made claims against both Piper Jaffray and Wells Fargo based on the same losses. In 2001, they recovered $120,000 from Piper. To prevent an inequitable duplicative recovery, the Plaintifffs' damages award in this case should be reduced by the amount of that prior award.

## FACTS

Plaintiffs' financial difficulties all stem from a bond portfolio that Piper purchased for them. In 1999, Wells Fargo reviewed the portfolio, and determined that the bonds Piper had selected were not appropriate for Plaintiffs' investment objectives. Wells Fargo pointed this problem out to Plaintiffs in late 1999, and Plaintiffs decided to pursue arbitration against Piper. In that arbitration, Piper denied that it had made any inappropriate investment decisions in Plaintiffs' accounts, but the arbitration panel awarded $120,000 to Plaintiffs.

SCANNED
MAY 25 2004
U.S. DISTRICT COURT MPLS

Plaintiffs' damages analyses in the Piper arbitration and this case were rooted in the same losses. In each case, their damages expert calculated losses based on the expected performance of Plaintiffs' investments, including their investments at Wells Fargo. As Brian Hellberg testified, to measure their damages in the Piper arbitration, Plaintiffs "took all the securities in their account at Wells Fargo and said, you know, these have declined in value to basically $2 million." (Hellberg testimony, May 10, p. 253; Def. Ex. 118). Their claim in the Piper arbitration "included account performance all the way through August 31st of '01, some two years after it was transferred to Wells Fargo." (Helberg testimony, p. 254). The claims Plaintiffs made in this case were for losses they sustained from October 1999 to the present – a period that overlaps with the period on which the Piper award was based.

## ARGUMENT

Plaintiffs suffered a single loss on their bonds: The difference between the value of the bonds they wanted and thought they owned and the actual value of the bonds Piper purchased. That difference in value is what Plaintiffs sued Piper to recover. A large portion of those losses were realized when Wells Fargo sold the bonds. Plaintiffs now want to pretend, for purposes of this trial, that the arbitration never happened, and that they haven't already recovered $120,000 of their losses. But if that $120,000 is not deducted from their damages award in this case, Plaintiffs will get an inequitable windfall. In essence, they will recover the $120,000 twice. They suffered one overall loss – an investment portfolio that did not fit their expressed investment goals and needs – and when they received a payment from Piper for its role in creating that loss, their "injuries [were] necessarily reduced." *Robertson v. White*, 81 F.3d 752, 758 (8th Cir. 1996).

## CONCLUSION

To prevent an inequitable double recovery, if damages are awarded to the Plaintiffs, their award should be reduced to reflect the $120,000 they have already recovered from Piper Jaffray.[1]

Dated: May 24, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

Lawrence T. Hofmann
Chad A. Snyder
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**

[1] Defendants made this Motion prior to trial. In the hearing on motions in limine, the Court reserved judgment on the issue.