**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**AFFIDAVIT OF CHAD A. SNYDER**

---

Chad A. Snyder, being first duly sworn, states and affirms as follows:

1. I am one of the attorneys representing the Defendants in this matter.

2. Attached as Exhibit 1 is a true and correct copy of the decision of the Minnesota Court of Appeals in *American States Ins. Co. v. Northland Constructors, Inc.*, 1993 WL 129657 (Minn. App. 1993).

Chad A. Snyder

Subscribed and sworn to before me this 24th day of May, 2004.

PAULA G. KINDT
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

SCANNED
MAY 25 2004
U.S. DISTRICT COURT MPLS

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

AMERICAN STATES INSURANCE COMPANY, Respondent,
v.
NORTHLAND CONSTRUCTORS, INC., Appellant.

**No. C1-92-1857.**

April 27, 1993.

Appeal from District Court, St. Louis County; Hon. Charles T. Barnes, Judge.

Lawrence B. Stauber, Jr., Stauber & Lien, and Karen S. Finseth, Duluth, for appellant.

Robert H. Magie, III, Crasweller, Magie, Andresen, Haag & Paciotti, Duluth, for respondent.

Considered and decided by RANDALL, P.J., and SCHUMACHER and PETERSON, JJ.

UNPUBLISHED OPINION

RANDALL, Judge.

*1 The trial court granted summary judgment in favor of respondent American States Insurance Company (ASIC), concluding it had no duty to indemnify or defend appellant Northland Constructors, Inc., (Northland) in an action brought against Northland alleging negligence and breach of contract. We affirm.

FACTS

BMC Real Estate, Inc., (BMC) acquired certain property located in Hermantown, Minnesota, for the purpose of constructing a building. In 1988, BMC entered into a general contract for the construction of the building. The clearing, excavation, and fill work for preparing the construction site was subsequently subcontracted to appellant Northland.

In February 1990, BMC commenced an action against Northland (and six other defendants) relating to the construction of the building. BMC asserted counts of negligence and breach of contract against Northland, claiming Northland was negligent in its clearing, excavation and filling of the area on which BMC's building was constructed, and that Northland breached its contract with BMC and its general contractor by failing to excavate and fill the building site in a good and workmanlike manner.

Respondent ASIC agreed to defend Northland in the BMC action under a reservation of rights letter. The letter stated that the comprehensive liability insurance policy Northland had with respondent covers property damage caused by appellant's negligence and would be paid if there was an award based upon such negligence.

Discovery was conducted in the BMC action and before any trial was conducted upon the merits of the BMC action, respondent brought a declaratory judgment action seeking to be relieved from providing for appellant a further defense in the BMC action. Respondent based the declaratory judgment action upon its assertion that the insurance policy, which is a comprehensive general liability policy, does not provide coverage for damages allegedly resulting from inadequate performance by appellant of its contractual obligations in connection with the building site.

Before there was a ruling on the declaratory judgment action, respondent brought a motion for summary judgment against appellant. The motion was based upon respondent's assertion that BMC's allegations against Northland were fundamentally breach of contract allegations for which coverage does not exist under the insurance policy respondent issued to appellant.

The trial court concluded that the real thrust of BMC's claims against Northland were for breach of contract and damages, not negligence. The trial court held that because the action is for breach of contract which is not covered by the policy,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

respondent had no duty to provide a defense for appellant Northland. Accordingly, the trial court granted summary judgment in favor of respondent.

DECISION

At issue is whether the insurance policy provided by respondent ASIC to appellant Northland provides coverage to appellant on the allegations by BMC in the BMC action. The interpretation of an insurance policy is a question of law. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 887 (Minn.1978). An insurer is not bound to defend on a claim that falls outside of the coverage of the insurance policy. *Rulli v. State Farm Fire & Casualty Co.,* 479 N.W.2d 87, 88 (Minn.App.1992), *pet. for rev. denied* (Minn. Feb. 19, 1992). Northland makes no assertion there is coverage under the policy for breach of contract.

***2** In concluding the policy did not provide coverage for BMC's claims against Northland and therefore, respondent had no duty to defend appellant on these claims, the trial court relied on *Bor-Son Bld. Corp. v. Employers Commercial Union Ins. Co. of Am,* 323 N.W.2d 58 (Minn.1982) and *Ebenezer's Soc'y v. Dryvit Sys., Inc.,* 453 N.W.2d 545 (Minn.App.1990).

In *Bor-Son,* the court held that a comprehensive general liability policy does not provide coverage for claims of defective materials and workmanship giving rise to a claim for damage to the property itself which is the subject matter of the construction project. The court drew a distinction between two kinds of risks a contractor undertakes: the risk of faulty workmanship, which exposes him to contractual liability, versus the risk of injury to people and/or property caused by the faulty workmanship. The consequence for breach of contract based upon faulty workmanship, the replacement or repair of faulty goods, is a business expense to be borne by the insured-contractor in order to satisfy customers. This risk may be insured against by a performance bond. On the other hand, accidental injury to property or persons caused by the faulty workmanship exposes the contractor to almost limitless liability. This is the type of risk contemplated by an insurer when it provides a standard comprehensive general liability policy. *See Bor-Son,* 323 N.W.2d at 63-64; *see also, Knutson Constr. Co. v. St. Paul Fire & Marine Ins. Co.,* 396 N.W.2d 229, 235 (Minn.1986) (court reaffirms *Bor-Son* analysis).

In *Ebenezer,* a case similar to *Bor-Son,* a subcontractor provided external insulation and the wall finish system during the construction of a building owned by Ebenezer. There were problems with water leakage and the Dryvit system was identified as one of the possible sources of the problem. *Ebenezer,* 453 N.W.2d at 547. Ebenezer brought an action against the subcontractor. The court stated:

> Ebenezer's action against Dryvit [the subcontractor] was based on allegations that Dryvit negligently provided defective workmanship and materials. This is a breach of contract claim. Although Ebenezer alleged negligence, the entire thrust of Ebenezer's claim against Dryvit was breach of contract.

*Id.* at 548. The court held that there was no coverage in the subcontractor's comprehensive general liability policy for repairing/replacing faulty workmanship. *Id.*

Northland concedes the comprehensive general liability insurance policies involved in *Bor-Son* and *Ebenezer* are similar to the general liability policy at issue in this case, and Northland does not argue it is entitled to indemnification or to a defense for a breach of contract claim.

Although BMC asserts counts of "negligence" and "breach of contract," each claim is based only on allegations of faulty workmanship. The damages sought by BMC are limited to the increased costs or extra costs required to do the site work properly, i.e., the costs of redoing and/or completing a defective job so as to make the work comply with the contract documents. Furthermore, in response to Northland's interrogatories, BMC repeatedly refers to the construction documents and Northland's alleged failure to comply with the documents.

***3** The trial court properly determined there was no negligence cause of action. BMC made no allegations of property damage or personal injury due to faulty workmanship by Northland. As respondent points out, even if the workmanship was "negligent," that does not convert a lawsuit for breach of contract claim into a tort. Faulty or sloppy workmanship is generally how building contracts are breached when they are breached. Faulty workmanship may or may not have been present here, but the claim is still a contract claim and not a negligence claim. As the trial court found, all discovery points to claims for breach of contract and damages for such breach. Regardless of how BMC phrased its claims against Northland, the trial court properly found the claims were, in substance, claims for breach of contract. We affirm the trial court's conclusions that ASIC has no duty to defend.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Affirmed.

1993 WL 129657, 1993 WL 129657 (Minn.App.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works