**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON RATIFICATION**

---

## INTRODUCTION

The affirmative defense of ratification is properly applied to any purportedly unauthorized transaction which the plaintiff confirms, approves or sanctions by affirmative act or acquiescence. The focus is not on whether the plaintiff has filed an action in contract, negligence or under a statutory claim, but on the conduct that manifested acceptance of the transaction.

## FACTUAL BACKGROUND

Though they asserted multiple causes of action, all of Plaintiffs' claims in this case were based on the same conduct – Defendants' alleged mishandling of their accounts. Plaintiffs based their negligence claims on the same factual allegations as their contract claims, and made no effort to distinguish them. Prior to submission of the case to the jury, Defendants moved the Court to revise the Special Verdict Form so that the affirmative defense of ratification would be applied to each cause of action. The Court denied the motion, and the issue of ratification was submitted only on the contract and statutory claims.

SCANNED
MAY 2 8 2004
U.S. DISTRICT COURT MPLS

In its response to the verdict questions on the breach of contract claim, the jury found that though Defendants had breached their contract, Plaintiffs had ratified the Defendants' actions. (Verdict Form, Nos. 1 and 3). The jury also found that Defendants were negligent. (Verdict Form, Nos. 4-5). Defendants now renew their motion that the ratification defense should be applied to the negligence cause of action.[1]

**ARGUMENT**

The ratification defense is properly applied not only to breach of contract and statutory claims, but also to cases of breach of a broker's fiduciary duty to a client, as well as claims of negligence and common-law fraud. The focus for these courts is not on the nature of the cause of action, but on whether case involves transactions that the plaintiff ratified by some affirmative act or by mere acquiescence. In *Conolly v. Foster*, 242 N.W. 334 (Minn. 1932), a client sued his broker for losses from stock sales that he, like the Plaintiffs here, claimed were unauthorized. The sales had been made in October 1929, and the plaintiff learned of them on October 30. *Id.* at 336. Despite this knowledge, he made no complaint about the sales until December 7. *Id.* The Minnesota Supreme Court reversed the entry of a jury verdict in the plaintiff's favor, finding that, by remaining silent, the plaintiff had ratified the actions of his agent. *Id.* The plaintiff and defendant in that case, like the parties in this case, were in a fiduciary relationship. The existence of that relationship did not prevent the court from applying the ratification defense to deny the plaintiff a recovery. There is no reason to treat the Plaintiffs' claims in this case any differently.

In more recent cases, other courts have also given the ratification a broad application. In *Richardson Greenshields Securities, Inc. v. Lau*, 819 F. Supp. 1246 (S.D.N.Y. 1993), the defendants made counterclaims against their commodities broker for negligence,

[1] This motion is in the alternative to Defendants' previously filed motion for judgment as a matter of law on the negligence counts because Minnesota law does not recognize an independent tort for action that constitutes a breach of contract.

misrepresentation, breach of fiduciary duty, breach of contract and violation of various commodities statutes. The court found that the defendants were aware of all of the transactions in their accounts, had remained silent, and in that silence had acquiesced in and ratified those transactions. *Id.* at 1260-61. The court applied this finding of ratification to the plaintiffs' claims of negligence and gross negligence (*Id.* at 1269), in addition to the claims for breach of contract claim (*Id.*), statutory violation (*Id.* at 1264), and breach of fiduciary duty. (*Id.* at 1267-68). And in *Jaksich v. Thomson McKinnon Securities, Inc.*, 582 F. Supp. 485 (S.D.N.Y. 1984), the court found that the plaintiff had ratified her broker's transactions in her accounts, and held that her ratification barred her recovery under her claims for common-law fraud and for breach of fiduciary duty. *Id.* at 502. These applications of the ratification defense are consistent with the general principle that a principal can ratify and be held responsible for the negligent, unauthorized acts of its agent. *See, e.g., Cooney v. Milwaukee Mutual Ins. Co.*, 397 N.W.2d 352, 355 (Minn. App. 1986).

This general application of the ratification defense makes sense, particularly in the securities context. At the heart of cases like the one at bar – and those cited above – is a single factual dispute: were the transactions made by the plaintiff's agent authorized or not. The claim that the transactions were not authorized can be given any number of legal names (breach of contract, breach of fiduciary duty, negligence, etc.), but the fundamental factual issue remains the same. If the plaintiffs ratified the transactions at issue, they manifested acceptance of the agent's actions, whether those actions are described as negligence, breach of contract, or breach of fiduciary duty. That ratification should limit their recovery under any legal theory, much as a comparative fault defense would limit or bar recovery in a more typical negligence case – such

as an auto accident. Ratification and comparative fault both ensure that plaintiffs do not escape responsibility for their own action or inaction.

## CONCLUSION

For the reasons set out above, Defendants' Motion for Judgment as a Matter of Law on the negligence claims should be granted on the basis of the jury's ratification finding on the breach of contract claim.

Dated: May 27, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

Lawrence T. Hofmann
Chad A. Snyder
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**