LF 0750500

NORWEST BANKS

# Agency Agreement

Peter V. Lundstrom Revocable Trust, as OWNER, and NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, as AGENT, hereby agree as follows:

1. **Definitions.** In this Agreement, I, me, and my refer to the owner. You and your refer to Norwest Bank Minnesota, National Association, as agent.

2. **Governing Law.** This Agreement shall be governed by the laws of the State of Minnesota.

3. **Custody of Assets.** You will maintain custody of all securities, cash or other assets deposited to this account (Account Assets). You will remit Account Assets directly to me at my request or as I may otherwise direct in writing.

4. **Use of Assets and Investments.** You will receive payments of income and principal cash, but without any responsibility for nonpayment of either income or principal. (With respect to investment authority, please initial the appropriate line). **Failure to initial on one of the lines will result in the application of 4a.**

   a. ______ You have full discretionary authority to trade in stocks, bonds, securities or other investments, including money market instruments, whether or not such investments are of the kind or class authorized by law. You may purchase securities of an investment company for which you, any of your subsidiaries, or any other affiliate of Norwest Corporation acts as an investment adviser. You have specific authority to retain Norwest Corporation stock or other securities of Norwest Corporation or its subsidiaries or affiliates.

   b. __X__ You will from time to time give me investment advice. You may buy, sell, exchange, convert or otherwise trade in securities or other investments as I direct. In the absence of contrary written direction from me, you may invest any cash funds in appropriate short-term investments of your choosing, including securities of an investment company for which you, any of your subsidiaries, or any other affiliate of Norwest Corporation acts as an investment adviser. You will not vote proxies with respect to securities held in the account but will send such proxies to me.

   **Norwest affiliates receive compensation from Norwest Advantage Funds. Investments in the Funds are charged fees and expenses at the rate and according to the formula set forth in the prospectus applicable to the investment.**

5. **Brokerage and Use of Affiliates.** You are authorized from time to time in your sole discretion to employ Norwest Investment Services, Inc. (NISI), or its successors, in connection with the purchase or sale of Account Assets. I understand that NISI is an affiliate of yours and may have an underwriter's interest in such transactions or may charge fees or commissions for such services which can include a profit to it. You are specifically authorized to undertake such transactions on my behalf as you may deem reasonably appropriate so long as all such transactions are on terms and under circumstances comparable to those generally available through nonaffiliated brokers.

6. **Statements of Account.** You will give me quarterly statements showing all account transactions and a list of Account Assets. You shall permit me, or my authorized agent, to inspect the records related to my account at any reasonable time.

7. **Exercising Rights of Ownership.** As agent, you may exercise all rights of ownership of any Account Assets. You may hold securities in bearer form, in your own name, in the name of your nominee or nominees, in central depositories, federal reserve book entry system or in the custody of other banks or Trust companies that you may select. All Account Assets, however, will appear on your books as a part of this Agency.

8. **Claims Against Assets.** You shall have full authority to make, enforce, compromise, adjust or settle all claims on behalf of or against the Agency. You may make sales, purchases and exchanges of Account Assets to, from or through any affiliated or unaffiliated persons, partnerships and corporations you may select. You may settle transactions in the usual course of business.

9. **Your Powers as Agent.** You may execute and deliver all agreements, appoint agents or sub-agents and do all other acts you determine necessary to carry out the general purposes of this Agreement.

10. **Liability for Loss.** You shall be liable only for losses resulting from your own negligence.

11. **Terminating this Agreement.** Either one of us may terminate this Agreement at any time by giving written notice to the other. When this Agreement has been terminated and I have paid you any amounts owing to you under it, you will put my registered securities in my name and deliver Account Assets to me or my authorized agent.

EXHIBIT
tabbles
2

WF 01595

12. *Fees.* You shall be entitled to reasona...e compensation, according to your most recent schedule, and to reimbursement for out-of-pocket expenses.

13. *Oral Authorization.* You are expressly authorized to accept and act upon direction from me orally, including by telephone, for the purchase or sale of securities in my account or for the transfer of funds. In lieu of a separate notification for each transaction, I request that you include all required information on transactions in my periodic account statement for the period involved.

14. *Notification of Securities Transactions.* I understand that I am entitled to receive, at no additional cost, a written notification of each purchase and sale made by you on behalf of my account. I also understand that I have a right to receive the notification within five business days from the date of the transaction or within five business days after receipt of a broker's confirmation. In lieu of a separate notification for each securities transaction, I request that you include all required information on securities transactions in my periodic account statement for the period involved.

15. *Norwest Advantage Funds Disclosure.* Norwest Advantage Funds are a family of open-end investment companies commonly known as mutual funds. Norwest Bank Minnesota, National Association, serves as investment adviser, transfer agent, and custodian for Norwest Advantage Funds. Fund shares are not bank deposits, and are not obligations of, guaranteed or endorsed by you or any other bank, or any of your affiliates, including Norwest Corporation and Norwest Investment Services, Inc. Investment in shares of any mutual fund is subject to risk, including the possible loss of principal, that may cause the value of the investment to fluctuate such that when the investment is sold, its value may be higher or lower than the amount originally invested.

16. *OPTIONAL: Provision in the Event of Incapacity.* (May be used only if full investment discretion is granted under paragraph 4.a.) I am appointing you as my attorney-in-fact under this Agency Agreement. In the event that in your opinion I am incapacitated or determined by court order to be incompetent, this power of attorney will allow you to pay me or expend for my benefit (and for the benefit of my spouse, if any, and/or dependent children), such sums from this Agency as you, in your discretion, deem necessary or advisable for my (and his, hers or their) proper care, support, health, maintenance and general welfare. It is my express desire that you do so. This power of attorney shall not be affected by my disability. (Please initial one of the below.)

________ Yes, you are so appointed    V / ________ No, you are not so appointed

6-24-99
Date

[signature]
Owner: Peter V. Lundstrom, Trustee

[signature]
Owner: Joyce C. Benham, Trustee

Norwest Bank Minnesota, National Association
By: [signature]
Michael P. Deasey
Its: Vice President

**CONSENT OR OBJECTION TO DISCLOSURE OF BENEFICIAL OWNERSHIP**

**(Must be completed if owner retains investment authority under paragraph 4.b.)**

I understand that the Securities and Exchange Commission has adopted a rule to enable issuing corporations to learn the identity of beneficial owners whose securities are held by a Bank and registered in the name of the Bank's nominee. A beneficial owner is defined to be a person with shared or sole voting authority with respect to the security. I understand that your policy has been to prohibit the disclosure of such information to insure the confidentiality of your fiduciary accounts. I also understand that, unless I specifically object to the disclosure, you are now required to disclose this information to companies who request it. I understand that if I consent or fail to object, my name and address will be disclosed. I also understand that the rule prohibits the issuing company from using my name and address for any purpose other than corporate communications.

I am indicating my position on this issue by initialing one of the lines below and signing and dating this form.

V / V No — I do not want my name, address and number of shares held disclosed to all companies in which I own securities which are registered in nominee form.

___/___ Yes — I want my name, address and number of shares held disclosed to all companies in which I own securities which are registered in nominee form.

6-24-99
Date

Signature Peter V. Lundstrom, Trustee

Signature Joyce C. Denham, Trustee