**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom,
husband and wife, and the Coracle Foundation,
a Minnesota non-profit corporation,

Plaintiffs,

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON JURY'S RATIFICATION FINDING**

**v.**

Norwest Bank Minnesota, National Association,
Norwest Investment Services, Inc.,
Wells Fargo Bank Minnesota, National Association, and
Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil Case No. 01-2050 (JMR/FLN)

---

## INTRODUCTION

Following trial, Defendants have moved for judgment as a matter of law based on the jury's ratification finding. Defendants' motion is an attempt to overcome its failure to plead the affirmative defense of comparative fault. Moreover, Defendants have not shown that no reasonable jury could find for Plaintiffs. Accordingly, Defendants' motion should be denied.

## ARGUMENT

**Defendants Rule 50 Motion Should Be Denied.**

Rule 50(a)(2) requires the party moving for judgment as a matter of law to make its initial motion prior to the submission of the case to the jury. "Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Fed. R. Civ. P. 50(a)(2). Plaintiffs do not believe that Defendants have met this requirement.

Defendants' motion at trial did not identify either law or facts on which Defendants were entitled to judgment.

Even if Defendants met the requirements of the rule they cannot prevail. Judgment as a matter of law, as provided for by Rule 50 of the Federal Rules of Civil Procedure, is appropriate only if no reasonable juror could have returned a verdict for the nonmoving party.[1] Weber v. Strippit, Inc., 186 F.3d 907, 912 (8th Cir. 1999). The standard is a demanding one. Superior FCR Landfill, Inc. v. Wright County, 2002 U.S. Dist. Lexis 5794 (D. Minn. Mar. 31, 2002).[2] "A motion for judgment as a matter of law should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining [the nonmoving party's] position." Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 800 (8th Cir. 1994) (citations omitted). The Court must consider the evidence in the light most favorable to the nonmoving party, assume the jury resolved all factual conflicts in favor of the nonmoving party, assume as true all facts supporting the non movant which the evidence tended to prove, and grant the non movant the benefit of all reasonable inferences. See Larson by Larson v. Miller, 76 F.3d 1446, 1452 (8th Cir. 1996) (citations omitted); Nelson, 26 F.3d at 800. Judgment as a matter of law may not be granted if reasonable persons could differ as to the conclusions to be drawn from the evidence. See Parrish v. Immanuel Medical Ctr., 92 F.3d 727, 731 (8th Cir. 1996).

Ignoring this standard of review, Defendants argue that the affirmative defense of ratification should be applied to Plaintiffs' negligence claim. Def. Mem. at 1. The cases on which Defendants base their argument do not support the conclusion that Defendants are entitled to a ratification defense to negligence. Additionally, Defendants' use of ratification in this instance is an attempt to utilize comparative fault without actually pleading the doctrine.

---

[1] Defendants, by relying on the Jury's ratification finding, concede that the Jury's findings were reasonable.
[2] A copy of Superior is attached to the Affidavit of Adam A. Gillette ("Gillette Aff.") as exhibit 1.

In support of their argument that ratification can be applied to negligence claims, Defendants cite Connolly v. Foster, 186 Minn. 8, 242 N.W. 334 (Minn. 1932) as evidence of the broad usage of ratification beyond contract claims. Defendant argues that in Connolly, "the existence of that relationship (fiduciary) did not prevent the court from applying ratification defense to deny plaintiff a recovery." Def. Mem. at 2. The existence of a fiduciary relationship is not the issue at hand. The issue is whether ratification can apply to a negligence action. In addressing that issue the Connolly decision is inapt. In Connolly the only issue before the court was whether unauthorized trades had been ratified. In reaching its decision the Connolly court noted that "each case depends upon the facts and character and nature of the subject matter." 186 Minn. At 13, 242 N.W. at 336. The Connolly case involved only unauthorized trades. As discussed *supra*, the jury could find that Defendants were negligent without regard to Defendants' unauthorized trading on Plaintiffs' accounts. Thus, Defendants reliance on Connolly is misplaced.

Defendants assert that the court in Richardson Greenshields Securities, Inc. v. Lau, 819 F.Supp. 1246 (S.D.N.Y. 1993) held that ratification could be applied to a negligence claim. Def. Mem. at 3. Defendants have misapprehended the holding of Richardson. The Richardson court found that the defendant (who brought a negligence counterclaim) had "failed to prove the essential elements of any negligence claim." 819 F.Supp. at 1269. The Richardson court did not find that a ratification defense applied to a negligence claim. Defendants' argument regarding Richardson should be disregarded.

Additionally, Defendants' arguments on ratification appear to be a thinly veiled attempt to overcome Defendants' failure to plead the affirmative defense of comparative fault. Defendants argue that ratification defense functions "much as a comparative fault defense would

limit or bar recover in a more typical negligence case." Def. Mem. at 3. The time for Defendants to plead comparative fault is long past. Under the Federal Rules of Civil Procedure, affirmative defenses are to be specifically stated. Fed.R.Civ.P. 8(c).[3] Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. See 5 Wright and Miller, Federal Practice and Procedure: Civil, § 1278 at 339 (1969 ed.). Ignoring their failure, Defendants now attempt to use a ratification defense in the same manner as comparative fault, but without the assignment of liability. Ratification would bar Plaintiffs' recovery completely, while comparative fault would merely reduce Plaintiffs' recovery by the percentage they were at fault. The Court should not allow Defendants to overcome their failure to plead comparative fault through the use of a ratification defense. Accordingly, the Court should deny Defendants' motion.

Furthermore, Defendants' argument that it is entitled to a ratification defense mischaracterizes this action. Defendants argue that the only factual dispute is "were the transactions made by the plaintiff's agent authorized or not." Def. Mem. at 3. However, the Jury's finding a breach of contract and subsequent ratification does not necessarily arise from the same facts as the Jury's finding of negligence. The ratification of one unauthorized act is not the ratification of another and entirely distinct act. A. Terzi Productions, Inc. v. Theatrical Protective Union, 2 F.Supp.2d 485 (S.D.N.Y. 1998). Put another way, a reasonable jury could

---

[3] Fed.R.Civ.P. 8(c) states:

> Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, **contributory negligence**, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation

(emphasis added).

find that Defendants were negligent in handling Plaintiffs' accounts without regard to a breach of contract. Thus, the Jury's ratification finding to the breach of contract claim is irrelevant to a negligence claim. A reasonable jury could find that using Ronald McGrane ("McGrane") to prepare projections for Plaintiffs was negligent. A reasonable jury could find that Defendants' use of McGrane's projections was negligent. A reasonable jury could find that Defendants' failure to check McGrane's projections prior to presenting them to Plaintiffs was negligent. A reasonable could find that Defendants failure to know which agreement controlled the relationship between Plaintiffs and Defendants was negligent. A reasonable jury could find that the manner in which Defendants traded on Plaintiffs' account was negligent. A reasonable jury could find that Defendants trading at substantial losses when Plaintiffs were in no hurry to trade was negligent. None of these negligent activities is a breach of contract. A reasonable jury could find negligence irrespective of a breach of contract. Therefore, Defendants have failed to meet their burden for judgment as a matter of law. The Court should deny Defendants' motion.

Finally, the Court should note that Defendants' agreement with Plaintiffs precludes a finding that Plaintiffs ratified Defendants actions. The Agency Agreement at issue, which Defendants drafted, states that Defendants are liable for losses resulting from Defendants negligence. See Gillette Aff. Ex. 2 ¶ 10. To allow Defendants a ratification defense with respect to negligence would allow Defendants a benefit contrary to the parties bargain. Therefore, the Court should deny Defendants' motion.

## CONCLUSION

Based on the above arguments, Plaintiffs respectfully request that the Court deny Defendants' motion.

Dated: June 10, 2004

NICHOLS KASTER & ANDERSON, PLLP

s/Adam A. Gillette
James H. Kaster #53946
Adam A. Gilette #0328532
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone 612 338-1919
ATTORNEYS FOR PLAINTIFF