**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' RULE 59 MOTION TO AMEND JUDGMENT BY OFFSETTING PIPER JAFFRAY AWARD**

---

## INTRODUCTION

This is not, as the Plaintiffs apparently believe, a collateral source rule dispute. The Plaintiffs suffered a unified loss in their investments, which began at Piper Jaffray and continued in their Wells Fargo accounts. The Piper arbitration award compensated them for that loss, and failure to offset the verdict in this case by the amount of that award would leave the Plaintiffs with a double recovery.

## ARGUMENT

In an effort to avoid the fact that their ""injuries [were] necessarily reduced"[1] by the arbitration award they received from Piper, the Plaintiffs invoke the collateral source rule. That rule prevents a court from reducing a verdict by the amount of third-party payments that were "wholly independent" of the plaintiff's tort claims.[2] The Piper arbitration award does not fall

---

[1] *Robertson v. White*, 81 F.3d 752, 758 (8th Cir. 1996).

[2] *Id.*

within that standard. In the Piper arbitration, the Plaintiffs sought damages not only from their Piper account, but also losses they sustained in their Wells Fargo accounts through the end of August 2001 – "some two years" after they opened their accounts with Wells Fargo. (Helberg testimony, p. 254). The losses claimed in the arbitration and in this case were interconnected. That is a far cry from the free medical services[3] and the loans from an employer[4] that were at issue in the cases relied upon by the Plaintiffs; neither case involved a payment by a party that contributed to the plaintiff's loss.

**CONCLUSION**

In their arbitration against Piper, the Plaintiffs sought and received damages for the losses sustained in their Wells Fargo account. They should not be allowed to receive those same damages a second time in this case, and the damage award should be reduced by the $120,000 Piper award.

Dated: June 18, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

/s/ Chad A. Snyder
Lawrence T. Hofmann
Chad A. Snyder
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**

[3] *Hueper v. Goodrich*, 314 N.W.2d 828, 830 (Minn. 1982).

[4] *Hubbard Broadcasting v. Loescher*, 291 N.W.2d 216, 222 (Minn. 1980).



283666v1