**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW BASED ON RATIFICATION**

---

## INTRODUCTION

After they learned what the Defendants had done with their investments, the Plaintiffs ratified those actions. That is a factual finding by the jury in this case. That finding has as much application to the negligence counts as it does to those for breach of contract.

## ARGUMENT

Notable in the Plaintiffs' attempt to avoid application of the jury's ratification finding to their negligence claims is the absence of any legal support for their contention that the defense ratification does not apply to negligence. This is because the doctrine of ratification is applicable – and has been applied – to negligence claims.[1]

---

[1] The Plaintiffs' contention that this Motion is an attempt to somehow circumvent the Defendants' failure to pursue a comparative fault defense suffers from two defects. First, comparative fault and ratification are entirely distinct doctrines. Both are potentially applicable to a negligence claim, depending on the facts of a particular case. In this case, ratification is more appropriate than comparative fault. And second, the Defendants did raise the issue of comparative fault during the charging conference. The Court unequivocally rejected application of comparative fault to this case.

Ratification is nothing more and nothing less than a principal's acceptance of the unauthorized acts of his or her agent.[2] Those acts may be a breach of contract, but they may also be negligence. While no Minnesota court has addressed ratification as an affirmative defense in a negligence case, they have, on multiple occasions, recognized that a principal can be held liable for the negligent acts of its agents.[3] There is no reason not to apply the same rule when ratification is presented as an affirmative defense to a principal's claims against an agent.

That, in fact, is what happened in the cases the Defendants cited in their initial brief in support of this Motion. In *Richardson Greenshields Securities, Inc. v. Lau*,[4] the court found that the defendants could not maintain a negligence counterclaim for many reasons, one of which was the court's finding that they had ratified their broker's acts.[5] Similarly, the plaintiff in *Jaksich v. Thomson McKinnon Securities, Inc.*,[6] asserted a number of tort claims, including negligent misrepresentation. The court held that she could not recover on those claims because she ratified the acts of the defendant.[7] Courts have also applied the defense to negligence claims outside the context of securities. In *Williams v. Midland*, for example, the trial court gave a jury instruction on a breach of contract claim, but not on the plaintiff's claim for negligent misrepresentation.[8] After the verdict was returned in favor of the defendant on the plaintiff's contract claim, but against the defendant on the negligent misrepresentation claim, the trial court entered judgment

---

[2] *Centennial Ins. Co. v. Zylberberg*, 422 N.W.2d 18, 21 (Minn. App. 1988).

[3] *Id.*; *Cooney v. Milwaukee Mutual Ins. Co.*, 397 N.W.2d 352, 355 (Minn. App. 1986).

[4] 819 F. Supp. 1246 (S.D.N.Y. 1993)

[5] *Id.* at 1260-61, 1269.

[6] 582 F. Supp. 485 (S.D.N.Y. 1984)

[7] *Id.* at 502.

[8] 932 S.W.2d 679, 686 (Tex. App. 1996).

as a matter of law in favor of the defendant. That judgment was based on undisputed evidence that the plaintiff had ratified the defendant's negligence.[9] The appellate court affirmed.[10]

A similar ruling is appropriate in this case. Though the evidence on ratification is not undisputed, the jury resolved the dispute by finding that the Plaintiffs had, in fact, ratified the Defendants' acts. Whether those acts are described as breach of contract or negligence should have no effect on the fact of the Plaintiffs' ratification, and judgment should be entered in the Defendants' favor.

Finally, the Plaintiffs seek to escape their ratification by twisting the terms of the parties' agreement. In their brief, the Plaintiffs assert that the agreement "states that Defendants are liable for losses resulting from Defendants [sic] negligence." (Pl. brief at 5). That is not quite what the agreement states. The relevant provision states that "You (Wells Fargo) shall be liable <u>only for</u> losses resulting from <u>your own negligence</u>." (Gillette Aff. Ex. 2, ¶ 10). The provision sets a limit on Wells Fargo's liability, clarifying that it will not be liable for losses caused by the acts of other parties – including the Plaintiffs themselves. As the jury already found, it was the Plaintiffs' own act of ratification that caused their losses, and Wells Fargo never agreed to be liable for the Plaintiffs' conduct.

## CONCLUSION

What the Plaintiffs seek is to be absolved of all responsibility for their own actions and decisions. That desire, while understandable, finds no support in the law. The jury found that the Plaintiffs, by virtue of their own conduct, ratified the actions of the Defendants. On the basis of

---

[9] *Id.* at 685-686.

[10] *Id.*

that finding, judgment should be entered in the Defendants' favor on the Plaintiffs' negligence claims.

Dated: June 18, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

/s/ Chad A. Snyder
Lawrence T. Hofmann
Chad A. Snyder
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**