**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFFS' NEGLIGENCE CLAIMS**

---

## INTRODUCTION

Minnesota law does not allow a plaintiff whose claims are rooted in breach of contract to recover in tort for the same acts that constituted the breach of contract. The Plaintiffs in this case have tried to avoid that rule by 1) misstating the law; and 2) unsuccessfully trying to find some distinction between their contract and tort claims.

## ARGUMENT

The Minnesota Supreme Court has stated, quite clearly, that "when a plaintiff seeks to recover damages for an alleged breach of contract he is limited to damages flowing only from such breach except in exceptional cases where the defendant's breach of contract constitutes or is accompanied by an independent tort."[1] In opposing the Defendants' motion for judgment as a matter of law, the Plaintiffs assert that the cases the Defendants rely upon "are cases involving the Uniform Commercial Code ("UCC") as adopted by the Minnesota Legislature." (Pl. brief at

---

[1] *Wild v. Rarig*, 234 N.W.2d 775, 789 (Minn. 1975).

2). The statement is patently untrue. In stating this rule of law, the Minnesota Supreme Court did not limit its application to cases involving the Uniform Commercial Code, or even to cases involving disputes between merchants. In fact, the case in which the rule was enunciated was not a UCC case and did not involve a dispute between merchants. The case involved allegations by a research scientist that two foundations had wrongfully withdrawn sponsorship of his research.[2] The plaintiff asserted both contract and negligence claims,[3] and the Supreme Court held that he could not pursue the tort claims because they were indistinguishable from the contract claims.[4]

The Defendants' initial brief on this point cited four cases in support of the proposition that Minnesota law does not permit a tort recovery for conduct that constitutes a breach of contract. Of those, only one – *UFE Inc. v. Methode Electronics, Inc.*[5] – involved a dispute over a UCC-governed contract. Two of the others involved a breach of a distribution agreement[6] and a dispute over performance of a construction contract.[7] The last was the Minnesota Supreme Court's decision in *Wild*, which, as noted above, had no connection to the UCC. Consistent with those decisions, Minnesota courts have routinely held that where "the gravamen of the complaint is the breach of contract, the plaintiff may not recover tort damages"[8] in cases that did not

---

[2] *Id.* at 780.

[3] *Id.* at 781.

[4] *Id.* at 789.

[5] 808 F. Supp. 1407, 1410 (D. Minn. 1992).

[6] *AKA Distributing Co. v. Whirlpool Corp.*, 948 F. Supp. 903 (D. Minn. 1996).

[7] *American States Ins. Co. v. Northland Constructors, Inc*, 1993 WL 129657 (Minn. App. 1993).

[8] *McNeill & Assoc., Inc. v. ITT Life Insurance Corp.*, 446 N.W.2d 181, 185 (Minn. App. 1989).

involve the UCC, including disputes over the alleged breach of agency agreements[9] and breach of an employment agreement.[10]

This is another case in which the rule should be applied. Plaintiffs have never distinguished between their contract and tort complaints. That failure continues in their opposition to this Motion. In that opposition, the Plaintiffs offer four attempts at making such a distinction, all of which fail: 1) "that Defendants traded away Plaintiffs' assets while the market was performing poorly;" 2) that the "use of Ronald McGrane to prepare projections was negligent" because of his lack of experience; and 3) that the Defendants failed to check McGrane's projections; and 4) that Mike Deasey did not know "whether Plaintiffs had signed a 4a or 4b agreement." (Pl. brief at 3-4). The problem with each and every one of these allegations is that they relate to the performance of the contracts between Wells Fargo and the Plaintiffs. As such, the Plaintiffs' brief highlights just why their negligence claims should be dismissed under Minnesota law.

## CONCLUSION

The parties had a contract. Minnesota law limits the Plaintiffs' rights and remedies to those available for breach of contract, and pursuant to Rule 50 of the Rules of Civil Procedure, judgment as a matter of law should be entered in the Defendants' favor on the Plaintiffs' negligence claims.

---

[9] *Id.*

[10] *Eklund v. Vincent Brass and Aluminum Co.*, 351 N.W.2d 371, 379 (Minn. App. 1984).

Dated: June 18, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

/s/ Chad A. Snyder
Lawrence T. Hofmann
Chad A. Snyder
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**