**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joyce C. Denham and Peter V. Lundstrom,
husband and wife, and the Coracle Foundation,
a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association,
Norwest Investment Services, Inc.,
Wells Fargo Bank Minnesota, National Association, and
Wells Fargo Brokerage Services, L.L.C.,

Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR POST-VERDICT AND PREJUDGMENT INTEREST**

Civil Case No. 01-2050 (JMR/FLN)

---

## INTRODUCTION

Pursuant to Minn. Stat. § 549.09 and common law, Plaintiffs move the court to attach $1,054.79 in post-verdict interest and $34,441.60 in prejudgment interest to the jury's award of $175,000.00, making the total award $210,496.39.

## FACTUAL BACKGROUND

Defendants made the first of many negligent and unauthorized trades of Plaintiffs' bonds on September 11, 1999. Plaintiffs filed their complaint against Wells Fargo on November 8, 2001. On May 13, 2004, the jury returned their verdict, finding that the Defendants' negligence caused Plaintiffs $175,000 in damages. Subsequently, Defendants filed three motions under F.R.C.P. 50 and 59. These motions were denied on July 7, 2004.

## ARGUMENT

Plaintiffs are entitled to prejudgment interest from the time Defendants' negligently sold their bonds until the day the jury reached its verdict. Trapp v. Hancuh, 587 N.W.2d 61, 63 (Minn. Ct. App. 1998), Northwest Airlines, Inc. v. Flight Trails, 3 F.3d 292, 297-298 (8th Cir. 1993). When state law provides the rule of decision in a case, state law will also govern the award of prejudgment interest. Northwest Airlines, Inc. 3 F.3d at 297. The jury in this case found that Defendants were negligent and as state law provides the rule of negligence, state law also provides the rule for prejudgment interest.

Under Minnesota law, "prejudgment interest begins to run on a liquidated and on a readily ascertainable unliquidated claim when it arises." Trapp, 587 N.W.2d at 63. Plaintiffs' damages were readily ascertainable and unliquidated because they could be calculated each time Defendant negligently sold Plaintiff's bonds for a loss. The first such sale for a loss occurred on September 11, 1999, when Defendant sold all 9,286 of Plaintiffs bonds in the Southern Minnesota Municipal Power Agency at a loss of $1,394. At trial, Plaintiffs provided evidence that had Defendants not sold these bonds, they would have grown by almost $9,000. Ex. 62.

Minn. Stat. § 549.09 was created by the Minnesota legislature in 1984 for the purpose of supplementing "the existing common law allowing prejudgment interest." Trapp 587 N.W.2d at 63 (citation omitted). The statute states in part that:

> Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, except as provided herein.

Minn. Stat. § 549.09 subd. 1(b). Prejudgment (preverdict, preaward) interest should be granted and added to the jury's award because the damages awarded by the jury were pecuniary. In

Minnesota, prejudgment interest should be granted even on a "general damages award" and regardless of whether the damages were ascertainable before trial or not. Myers v. Hearth Techs., Inc., 621 N.W.2d 787, 794 (Minn. Ct. App. 2001). Plaintiffs have calculated the prejudgment interest using September 11, 1999 as the point at which damages were first incurred because the first negligent sale of Plaintiffs' bonds occurred on that day. Plaintiffs have used May 13, 2004 as the last day which interest could accrue because the jury reached their verdict on that day.

Minn. Stat. § 549.09 subd.1(c) details how interest should be calculated. It states in pertinent part that "The interest shall be computed as simple interest per annum. The rate of interest shall be based on the secondary market yield of one year United States treasury bills, calculated on a bank discount basis as provided in this section." The interest rate was 4% in 1999, 5% in 2000, 6% in 2001, 2% in 2002 and 4% in 2003 and 2004. Using these interest rates, Plaintiffs have calculated post-verdict and prejudgment interest as follows:

**Post-Verdict Interest**

May 13, 2004 – July 7, 2004 (55 days)

2004 Interest Rate = 4%

Jury's Award = $175,000.00

$175,000 x 4% = $7,000.00 (yearly interest)

$7,000 / 365 days = $19.178 (daily interest)

$19.178 x 55 days = $1,054.79 **$1,054.79**

**Prejudgment Interest**

1. September 11, 1999 – December 31, 1999 (111 days)

   1999 Interest Rate = 4%

   Jury's Award = $175,000.00

   $175,000 x 4% = $7,000.00 (yearly interest)

   $7,000 / 365 = $19.178 (daily interest)

| | | |
|---|---|---|
| | $19.178 x 111 days = $2,128.76 | **$2,128.76** |
| 2. | January 1, 2000 – December 31, 2000 (366 days) | |
| | 2000 Interest Rate = 5% | |
| | Jury's Award = $175,000.00 | |
| | $175,000 x 5% = $8,750.00 (yearly interest) | **$8,750.00** |
| 3. | January 1, 2001 - December 31, 2001 (365 days) | |
| | 2001 Interest Rate = 6% | |
| | Jury's Award = $175,000.00 | |
| | $175,000 x 6% = $10,500.00 (yearly interest) | $**10,500.00** |
| 4. | January 1, 2002 – December 31, 2002 (365 days) | |
| | 2002 Interest Rate = 2% | |
| | Jury's Award = $175,000.00 | |
| | $175,000.00 x 2% = $3,500 (yearly interest) | **$3,500.00** |
| 5. | January 1, 2003 – December 31, 2003 (365 days) | |
| | 2003 Interest Rate = 4% | |
| | Jury's Award = $175,000.00 | |
| | $175,000 x 4% = $7,000.00 (yearly interest) | **$7,000.00** |
| 6. | January 1, 2004 – May 13, 2004 (134 days) | |
| | 2004 Interest Rate = 4% | |
| | Jury's Award = $175,000.00 | |
| | $175,000 x 4% = $7,000.00 (yearly interest) | |
| | $7,000 / 366 days = $9.126 (daily interest) | |
| | $19.126 x 134 days = $2,562.84 | **$2,562.84** |
| | **TOTAL:** | **$35,496.39** |

**CONCLUSION**

Based on the above arguments, Plaintiffs respectfully request that the Court grant their motion for post-verdict and prejudgment interest.

Dated: July 15, 2004

NICHOLS KASTER & ANDERSON, PLLP

s/James H. Kaster
James H. Kaster #53946
Adam A. Gilette #0328532
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone 612 338-1919
ATTORNEYS FOR PLAINTIFF