UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joyce C. Denham and Peter V. Lundstrom, Husband and wife, and the Coracle Foundation, a Minnesota non-profit corporation,

Plaintiffs,

v.

Norwest Bank Minnesota, National Association, Norwest Investment Services, Inc., Wells Fargo Bank Minnesota, National Association, Wells Fargo Brokerage Services, L.L.C.,

Defendants.

Civil No: 01-2050 JMR/FLN

**RESPONSE TO PLAINTIFFS' MOTION FOR PREJUDGMENT AND POST-TRIAL INTEREST**

---

## INTRODUCTION

Minnesota law does not allow a plaintiff to claim prejudgment interest from the time the claim accrued unless that claim was liquidated or the damages were "readily ascertainable." In this case, the damages awarded by the jury were less than a third of the damages claimed by Plaintiffs, and differed from either party's calculations. This simple fact demonstrates that the damages were not "readily ascertainable" by the parties, and therefore prejudgment interest may only be calculated from the time of the commencement of the action.

## ARGUMENT

Minnesota Statute § 549.09 subd. 1(b) provides that "[e]xcept as otherwise provided by contract or allowed by law," prejudgment interest "shall be computed… from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first." The earliest of the above triggers occurred on November 8, 2001, when Plaintiffs filed their complaint.

Plaintiffs argue, however, that they are entitled to prejudgment interest from the date of the first of Defendants' allegedly negligent transactions, which Plaintiffs place at September 11, 1999. (Pl. brief at 2). This is a miscalculation of the trigger date. Minn. Stat. § 549.09 places the date of accrual in this situation at the commencement of the Plaintiffs' action against Defendants, and not before. Minnesota common law only permits prejudgment interest to accrue from the time the claim arises in those rare cases where the damages are liquidated or are "readily ascertainable."[1] Damages are considered "readily ascertainable" if they can be determined "by computation or reference to generally recognized standards such as market value and not where the amount of damages depended upon contingencies or upon jury discretion."[2] Minnesota courts have routinely held that damages were not readily ascertainable where the calculation of damages was sharply disputed, where the experts' calculations were based on a variety of factors and not a "generally recognized objective standard of measurement," or the jury's damage award differed from both the plaintiffs' and the defendants' damage calculations.[3]

Plaintiffs' damages were neither liquidated nor readily ascertainable. Plaintiffs' expert's calculation did not rely on a "generally recognized objective standard of measurement" to determine damages. Instead, he based his determination of Plaintiffs' alleged damages on a variety of factors, some of them contingent. Throughout the proceedings and trial, Defendants sharply disputed both the amount of Plaintiffs' damages and their method of calculation. Defendants challenged several factors in Plaintiffs' experts' calculation of damages, including the effect of market upturns and stock splits on Plaintiffs' claimed losses, the amount by which Plaintiffs' claimed damages should be reduced by their duty to mitigate damages, by the effect of

[1] *Trapp v. Hancuh*, 587 N.W.2d 61, 63 (Minn. Ct. App. 1998).

[2] *Peterson v. BASF Corp.*, 657 N.W.2d 853, 873-74 (Minn. Ct. App. 2003) (citations omitted).

[3] *Id.* at 874; *Trapp*, 587 N.W.2d at 64.

the award Plaintiffs received in arbitration with Piper Jaffray, and the timeline for the accrual of damages. The amount of the jury award acknowledges the differences in calculation and further confirms the fact that Plaintiffs' damages were not readily ascertainable. Though Plaintiffs claimed damages of more than $650,000, the jury awarded only $175,000. This dramatic variation between claim and award shows that the jury, as in *Peterson*, took into consideration a variety of factors to come to its award. No generally recognized, objective standard of measurement was used to determine the Plaintiffs' damages. The award depended entirely upon the jury's discretion. Plaintiffs' damages were not readily ascertainable, and the exception to the time of accrual defined by Minn. Stat. § 549.09 does not apply.

Calculated properly and in accordance with Minn. Stat § 549.09 subd. 1(c), plaintiffs may recover, at most, prejudgment interest starting on November 8, 2001, the date of Plaintiffs' commencement of the action, and ending on May 13, 2004, the date of entry of judgment.

## CONCLUSION

Minn. Stat. § 549.09 provides the method by which Plaintiffs' prejudgment interest must be calculated. The Minnesota common law exception to § 549.09 is inapplicable because Plaintiffs' damages were neither liquidated nor readily ascertainable, and prejudgment interest may only be calculated from the date Plaintiffs commenced the action.

Dated: July 23, 2004

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

**/s/ Elizabeth A. Maki**

Lawrence T. Hofmann (#45998)
Chad A. Snyder (#0288275)
Elizabeth A. Maki (#0321023)
500 Washington Avenue South
Minneapolis, MN 55415
Telephone (612) 339-2020
Facsimile (612) 336-9100

**ATTORNEYS FOR DEFENDANTS**



284548v1